912 A.2d 176

LORRAINE RAMSEY AND HARRIS E. RAMSEY, HER HUSBAND, PLAINTIFFS–APPELLANTS, v. DELAWARE RIVER AND BAY AUTHORITY, CAPE MAY LEWES FERRY, AND RICHARD CASH, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 24, 2006—Decided December 14, 2006.

Before Judges KESTIN, WEISSBARD and PAYNE.

*Barry D. Cohen,* argued the cause for appellants (*Petro Cohen Petro Matarazzo,* attorneys; *Mr. Cohen,* on the brief).

*Susan J. Wiener,* argued the cause for respondents (*Donna Adelsberger & Associates,* attorneys; *Mary E. Reeves* and *Ms. Wiener,* on the brief).

The opinion of the court was delivered by

WEISSBARD, J.A.D.

On August 8, 2003, plaintiff Lorraine Ramsey was injured when she fell on board the M/V Cape Henlopen, a ferry traveling between Cape May, New Jersey and Lewes, Delaware. The ferry was owned and operated by defendant Cape May–Lewes Ferry (Ferry), a division of defendant Delaware River and Bay Authority (DRBA), a bi-state agency of Delaware and New Jersey established pursuant to a legislative compact, *N.J.S.A.* 32:11E–1 (the Compact). Her suit, filed in the Superior Court of New Jersey almost two years after the accident, was dismissed by the trial court as barred by the one-year limitation period and a forum selection provision, both set forth on the reverse side of her ticket. We reverse, concluding that the reduced suit limitation period and the Delaware venue provision were not approved by the DRBA commissioners, as required by the Compact.

On April 13, 2005, plaintiff, and her husband per quod,[1] filed suit in the Law Division naming as defendants the DRBA, the Ferry, and Richard Cash, a ferry employee. The details of plaintiff's claim are irrelevant to the issues before us. It suffices to say that

[1] For convenience purposes we will refer to plaintiff in the singular throughout this opinion.

she alleged negligence on the part of the Ferry and DRBA, acting through Cash, in directing her to park her vehicle in an unsafe place, exposing her to harm if she attempted to exit the vehicle during the trip.

In response to the suit, defendants' answer asserted that pursuant to "the passenger ticket contract" the action had to be filed within one year of the injury and that any suit had to be filed in Delaware. Defendants thereafter moved for summary judgment. Following oral argument, a written decision was issued on September 9, 2005, granting the motion and dismissing the complaint. On September 20, plaintiff moved for reconsideration, which was denied by order of October 5, 2005, followed by another written decision, filed on October 7, 2005.[2]

Plaintiff appeals, presenting the following two arguments for our consideration:

*POINT I*

THE LIMITATION IMPOSED UPON THE RIGHTS OF THOSE INJURED BY THE DELAWARE RIVER AND BAY AUTHORITY TO RECOVER FOR THEIR DAMAGES IS UNENFORCEABLE AND *ULTRA VIRES.*

*POINT II*

EVEN HAD THE RESTRICTIVE LANGUAGE ON THE PASSENGER TICKET BEEN LAWFULLY AUTHORIZED, THAT LANGUAGE WAS NOT "REASONABLY COMMUNICATED" TO THE PASSENGERS AND IS UNENFORCEABLE.

The Ferry ticket provided, on its reverse side, the following:

No suit, action or proceeding against DRBA or its parent, subsidiaries ... or against the ... crew or employees of any of the foregoing entities, shall be maintainable for ... bodily injury to any passenger unless ... the suit, action or proceeding is commenced within one year from the day when the ... bodily injury occurred.

The ticket further required that "any and all disputes" arising in connection with the ticket or the voyage "shall be litigated ...

---

[2] After filing her notice of appeal, plaintiff moved to vacate the summary judgment pursuant to *R.* 4:50–1(b) based on a claim of newly discovered evidence. That motion was denied. Plaintiff thereafter amended her notice of appeal to include that denial. As a result of our disposition, we have no need to address the newly discovered evidence issue.

before a court of competent jurisdiction located in Delaware." The face of plaintiff's ticket, issued on August 8, 2003, did not direct the passenger to the rear of the ticket for additional terms.[3] A representative of DRBA certified that plaintiff would have received and retained her ticket, and plaintiff does not appear to dispute that assertion. Indeed, a copy of plaintiff's ticket was attached to a certification filed by her attorney on November 14, 2005. Plaintiff retained that attorney within weeks of the accident. Counsel wrote to the DRBA on August 22, 2003, advising of his representation and requesting a copy of the incident report and any witness statements. Nevertheless, the suit was not filed until well beyond the one-year limitation. Additionally, the suit was filed in New Jersey, not Delaware.

There is no dispute that federal maritime law authorizes an owner of a sea-going vessel, such as M/V Cape Henlopen, to establish a one-year limitation period in its passenger contract. 46 App. *U.S.C.A.* § 183b(a). *See, e.g., Gibbs v. Carnival Cruise Lines,* 314 *F.*3d 125, 128 (3d Cir.2002) (holding that federal admiralty law controls action for personal injury sustained aboard a ship in navigable waters). Conceding that the DRBA had the power to enact a one-year suit limitation, plaintiff contends that the DRBA did not properly approve the limitation period. She claims that this type of action, with its far-reaching consequences,[4] is the sort of provision that must be approved of by a vote of the DRBA commissioners pursuant to Article VI of the Compact. It is conceded by the DRBA that no such approval was granted by the commissioners. The DRBA contends, however, that no provision of the Compact requires that a matter of this type be submitted to the commissioners. In connection with its motion for

---

[3] Subsequently, the ticket was modified by including a bright red bar on the face of the ticket with the following words in white writing: "Please Read Important Terms and Conditions on Reverse."

[4] Plaintiff notes that the ticket limitation cuts in half the New Jersey statute of limitations for personal injury actions. *N.J.S.A.* 2A:14–2. Delaware's statute of limitations is also two years. 10 *Del. C.* § 8119 (2006).

summary judgment, DRBA asserted that the ticket "was created in the usual course of DRBA's business and was not the subject of any commissioner meeting or governor approval."

DRBA suggests that the ticket restrictions were authorized by Article VIIf of the Compact which gives the DRBA the authority:

> To enter into contracts and agreements with either State or with the United States, or with any public body, department, or other agency of either State or of the United States or with any individual, firm, or corporation, deemed necessary or advisable for the exercise of its purposes and powers.

DRBA argues that the ticket is a contract with an individual. We reject that construction. The ability to contract with individuals could not, in our view, reasonably be intended to cover the ticket restriction which in one swoop affected many thousands of passengers each year traveling on the Ferry. The provision is clearly intended to cover the routine provision of goods and services to the DRBA by individuals, firms, and corporations, or other public entities.

On the other hand, plaintiff refers to Article VIId which lists among the powers granted to the DRBA the power:

> To adopt bylaws to govern the conduct of its affairs by the board of commissioners, and it may adopt rules and regulations and may make appropriate orders to carry out and discharge its powers, duties and functions, but no bylaw, or rule, regulation or order shall take effect until it has been filed with the Secretary of State of each State or in such other manner in each State as may be provided by the law thereof. In the establishment of rules, regulations and orders respecting the use of any crossing, transportation or terminal facility or commerce facility or development owned or operated by the authority, including approach roads, it shall consult with appropriate officials of both States in order to insure, as far as possible, uniformity of such rules, regulations and orders with the law of both States.

This quote constitutes one of fifteen enumerated powers granted to "the authority." Article V states that "[t]he authority shall consist of 12 commissioners...." Article VI says that "[t]he commissioners shall have charge of the authority's property and affairs and shall, for the purpose of doing business, constitute a board." Thus, the several references to "its" and "it" in Article VIId, quoted above, refer to the DRBA which, at least in matters of importance, acts through the commissioners.

Reading the various provisions together, we agree with plaintiff that the limitation period reflected on the ticket was a matter of such significance that it required action by the commissioners. We assume that the DRBA has many employees, and it would be impractical to suggest that every action taken by DRBA's staff in the course of its day-to-day business would require approval of the commissioners. However, Article VIId strongly supports the notion that the power to enact bylaws and to adopt rules, regulations and orders is a power granted to the authority, i.e., the commissioners. If so, then those bylaws, rules, regulations and orders are also required to be "filed with the Secretary of State of each State." We believe it is reasonable to analogize the limitation at issue here to a rule or regulation. To the extent that the motion judge based his dismissal on the venue provision, we conclude that it, too, suffers from the same infirmity as the limitation period, also requiring commissioner approval.[5]

Since the DRBA chose to rely on its position that the reduced suit limitation period and Delaware venue provision placed on its Ferry tickets needed no commissioner approval, and we have concluded otherwise, the order of summary judgment is reversed. As a result of our disposition we have no need to address plaintiff's alternative argument that the limitation/venue information was not adequately communicated to her. We do not, of course, preclude any other appropriate motion for summary judgment after discovery is completed. We express no view on the merits of plaintiff's action.

Reversed and remanded. We do not retain jurisdiction.

---

[5] The venue provision also has a substantial impact on the large number of non-Delaware residents utilizing the Ferry.